## SNELL *v.* CROWE.

AN OFFICER SEEKING TO RETAIN PROPERTY LEVIED UPON BY HIM IN ATTACHMENT in the hands of a third party must show an indebtedness due from the person against whom the attachment is issued to the attaching creditor, the writ of attachment, and the proceedings upon which the writ is issued. As proof of such indebtedness, the judgment recovered in the action by the attaching creditor subsequent to the attachment proceedings is admissible.

AN OFFICER, IN ORDER TO JUSTIFY the seizure of property in the possession of a stranger to the writ under which the property is taken, must plead specially such justification.

A JUDGMENT WILL NOT BE REVERSED FOR AN ERROR, where by the subsequent rulings of the court it is clearly apparent that no injury could have resulted from it.

ALLEGATIONS IN A SWORN COMPLAINT OF VALUE AND DAMAGE not specifically denied in the answer are admitted. It is not error to so instruct the jury.

FAILING DEBTOR, SALES BY.—A person, though in debt, may sell his property to whom he pleases, if no lien exists to prevent it, and if the transaction is a fair one, made in good faith, and for a valuable consideration.

LEVY BY OFFICER—ABUSE OF WRIT.—An officer has no right to make use of a tenement of another in which to store property attached by him, without the assent of the occupant. A possession by the officer longer than is reasonably necessary to remove the goods or take an inventory is an abuse of his authority, and renders him a trespasser *ab initio.*

INSTRUCTION REFUSED—CURED BY VERDICT.—A judgment will not be reversed for refusal to give an instruction abstractly correct, where the facts which are the basis of the instruction are negatived by the verdict.

THE INTEREST OF ONE PARTNER IN PARTNERSHIP PROPERTY MAY BE LEVIED UPON and sold to satisfy the individual debt of such partner, to effect which the whole of the partnership property may be taken possession of by the officer making the levy; but the levy and sale thereunder

must be in recognition of, and as far as possible in harmony with, the rights of the other partners, and not in hostility thereto; otherwise the officer becomes a trespasser *ab initio*.

WHERE IT IS SOUGHT TO SUBJECT A DEBTOR'S FRACTION IN PARTNERSHIP PROPERTY to the payment of his individual debts, the better and safer way is to proceed by trustee process, or process of garnishment under regulations laid down in the civil practice act.

INSTRUCTIONS TO THE JURY SHOULD BE CONFINED TO THE FACTS as made by the case. It is not error to refuse an instruction abstractly correct which has no predicate in the pleadings or evidence.

APPEAL from the third district court. The opinion states the facts.

*Sutherland & McBride,* for the appellant.

The exclusion of the judgment on the attachment suit, as evidence, was error. It was evidence of Clemetshaw's indebtedness to Beers, and that Beers was a creditor, and therefore qualified to attack the sale to plaintiff.

The court erred by instructing the jury that the defendant, by failure to deny, admitted two hundred and fifty dollars damages by breaking up the plaintiff's alleged business, and that if the plaintiff was the owner when the goods were taken, or when the suit was commenced, he was entitled to recover, besides the property or its value, two hundred and fifty dollars damages.

The court erred in giving instruction contained in the plaintiff's fifth request, for it ignores the statutory grounds on which the defendant claimed the property to be liable to seizure, and tended to mislead the jury.

The court erred in giving the instructions contained in plaintiff's ninth and tenth requests. There was no evidence that the plaintiff was excluded from the use of the building. Nor is it true for locking up the building in which was the attached property the officer would lose the protection of his writ and become a trespasser: *Six Carpenters' Case,* 8 Co. 146; 1 Smith's Lead. Cas. 188; *Waterbury* v. *Lockwood,* 4 Am. Dec. 215; *Brick* v. *Blanchard,* 20 N. H. 328, 329; *Wolcott* v. *Root,* 2 Allen, 194; *Everett* v. *Herren,* 48 Me. 537; *Walker* v. *Lovell,* 28 N. H. 138; *Dwinells* v. *Boynton,* 3 Allen, 310; *McGough* v. *Wellington,* 4 Id. 502; 6 Id. 505; *Gardner* v. *Campbell,* 15 Johns. 501; *Melville* v. *Brown,* 15 Mass. 82;

*Waddell* v. *Cook*, 2 Hill (N. Y.), 47; 11 Reporter (June 2, 1880), 727; *Gates* v. *Lounsburry*, 20 Johns. 427; *Hall* v. *Clark*, 19 Wend. 498; *Abbot* v. *Kimball*, 19 Vt. 551.

The court erred in the instruction contained in the plaintiff's fourteenth request, by taking from the jury an important consideration bearing on the allegation of fraud. The court gave this instruction in view of testimony touching a mode of agreeing to pay creditors and the seller, which was suspicious, and with other *indicia* of fraud, warranted the conclusion, as matter of fact, that the plaintiff's pretended purchase was with intent to defraud the vendor's creditors.

The court erred in refusing to give instructions requested by defendant in his second request: *Phillips* v. *Cook*, 24 Wend. 389; *Reed* v. *Shepardson*, 2 Vt. 120; *Whitney* v. *Ladd*, 10 Id. 165; *Welch* v. *Clark*, 12 Id. 686; *Burton* v. *Green*, 3 Car. & P. 306; *Goodwin* v. *Richardson*, 11 Mass. 472; *Oppenheim* v. *Loovis*, 9 La. Ann. 261; *Johnson* v. *Connecticut Bank*, 21 Conn. 148; *Melville* v. *Brown*, 15 Mass. 82; *Hayden* v. *Binney*, 7 Gray, 416; *Place* v. *Sweetzer*, 16 Ohio, 142; *Benton* v. *Bailey*, 50 Vt. 137; *De Forrest* v. *Miller*, 42 Tex. 34; *Knerr* v. *Hoffman*, 65 Pa. St. 126; *Bank of Metropolis* v. *Sprague*, 20 N. J. Eq. 13.

*J. L. Rawlins*, for the respondent.

The exclusion of the judgment and execution was not error, they not having been pleaded by way of justification: Abbott's Trial Evidence, 201; *Thornberg* v. *Hand*, 7 Cal. 554; *Damon* v. *Bryant*, 2 Pick. 411; *Walker* v. *Woods*, 15 Cal. 66; *Newton* v. *Brown*, 1 Utah, 290.

If error, it was cured by the instruction given at defendant's request (fifth request), wherein the jury, as matter of law, were charged that the Beerses were to be treated as creditors of Clemetshaw (Rec. 25).

The charge to the effect that the amount of damages alleged in the complaint and not denied in the answer was admitted was correct: *Conway* v. *Clinton*, 1 Utah, 222; *Rhemke* v. *Clinton*, Jan. Term, 1878; *Blackie* v. *Cooney*, 8 Nev. 41; *Carlton* v. *Lannan*, 4 Id. 156; *Patterson* v. *Ely*, 19 Cal. 28; *Towdy* v. *Ellis*, 22 Id. 651; *Houston* v. *R. R. Co.*, 45 Id. 550; *Higgins* v. *Mortell*, 18 Id. 330.

By abuse of authority the officer lost the protection of his writ, and became a trespasser *ab initio* : Cooley on Torts, 316, 317; Drake on Attachments, sec. 200 ; *Rowley* v. *Rice*, 11 Met. 337; *Barrett* v. *White*, 14 Am. Dec. 367, and note; *Wilson* v. *McElroy*, 32 Pa. St. 82; *Stevens* v. *Lawson*, 7 Blackf. 275; *Blanchard* v. *Dow*, 32 Me. 557; *Bond* v. *Wilder*, 16 Vt. 393. The second request to instruct by defendant was properly refused, because there was no proper predicate for it either in the pleadings or the evidence.

It assumed that the jury might be justified in finding, as against the creditors of Clemetshaw, that the property taken was partnership property. This they could not do in view of the law given to the jury at defendant's request (third and fourth requests, Rec. 24). This was in effect that if the sale in fact was of a part interest only by Clemetshaw to Snell, that is, that the real agreement between them was for a partnership, yet if at the same time, to hinder creditors, it was held out by the parties that Snell was the sole proprietor, the sale would be entirely void, and the whole of the property would be attachable as being the property of Clemetshaw.

Now, if in this case the jury had found the real agreement to be a *partnership*, they would have been obliged to find the other fact, making the sale entirely void, namely, that it was held out *that Snell was sole proprietor*, because this was an undisputed fact in the case, for it was alleged, both in the complaint and the answer, as well as proved by the evidence (Rec. 1, 7, 14, 21).

Again, there is nothing in the pleadings or evidence which conduces to prove that the levy was in fact made by defendant as upon on interest in partnership property; on the contrary, the property was claimed, attached, and sold by defendant as individually belonging to Clemetshaw.

It is so alleged in defendant's answer (Rec. 7). Defendant testified that he not only took possession of all the property, the specific articles of which were pointed out by Clemetshaw, but he sold it all (Rec. 18).

This effectually estops the defendant from asserting that he only levied upon Clemetshaw's interest in a partnership. If so, he could only have dealt with the rights of Clemetshaw

alone: Story on Partnership, sec. 312; *Atkins* v. *Saxton,* 77 N. Y. 195.

Courts are not required to state abstract propositions of law to the jury, it must clearly appear that the proposed instruction is applicable to the case: 3 Wait's Prac. 180; *Pratt* v. *Ogden,* 34 N. Y. 20; *Noakes* v. *People,* 25 Id. 380; *Porter* v. *Robinson,* 13 Am. Dec. 153; *People* v. *Best,* 39 Cal. 690; *Brow* v. *Kenfield,* 50 Id. 129.

But if the proposed instruction had been otherwise proper, the refusal to give it could not harm the defendant in view of the undisputed fact that defendant, after making the levy, sold *all* the property.

Even if the interest of Snell had only been that of a partner, he was entitled to maintain his action against the defendant if he acted without process, or as a mere wrong-doer.

If the levy in this case had been upon Clemetshaw's interest only (supposing a partnership to exist), the subsequent sale of all the property by defendant was such an abuse of his process as would have rendered him a trespasser *ab initio* —a mere wrong-doer from the beginning: *Six Carpenters' Case,* 8 Co. 146, note 1; Smith's Lead. Cas. 264; *Murray* v. *Cahoon et al.,* 34 Me.; 15 Mass. 82; 20 Ill. 214; and authorities heretofore cited.

The proposed instruction is not correct as a legal proposition.

Under a writ of attachment against an individual partner the whole of the partnership property can not be taken into the possession of the officer: Parsons on Partnership, 357, 356, also 350 et seq.; 20 Pa. St. 228; *Newman* v. *Bean,* 22 N. H. 93; 12 Id. 271; *Buffum* v. *Seavern,* 16 Id. 160; 14 Id. 271; *Pierce* v. *Jackson,* 6 Mass. 242; *Levy* v. *Cowen,* 27 La. Ann. 556; Id. 444; *Bears* v. *Estill,* 50 Miss. 300; *Anderson* v. *Cheney,* 51 Ga. 372; Story on Partnership, 261, 262; *Munagh* v. *Whitwell,* 52 N. Y. 146; *Harris* v. *Murray,* 28 Id. 574.

The method of attaching in such case is provided: Comp. Laws, secs. 1353 et seq., 1351.

The rule is otherwise as to other common interests: Drake on Attach. 248. In the latter part of this section a distinction is drawn.

If a request to instruct embraces too much, it is not error to refuse it: *Hedgers* v. *Cooper*, 43 N. Y. 216; 3 Wait's Prac. 180, 181.

EMERSON, J.:

This was an action in claim and delivery for the taking and detention of certain personal property specifically set out in the complaint, and consisting of implements and stock used in the manufacture of trunks.

The plaintiff alleged that he was the owner and in possession of the property at the time of the taking, and that they were worth three hundred and fifty dollars; that he was then carrying on the business of trunk-making, employing nine hands; that the defendant took possession of his place of business, closed the same, thereby suspending his business, which was a special damage of two hundred dollars; and claimed judgment for a return of the goods, or their value, as well as for the special damages.

By the answer, the defendant denied the title and possession, and alleged that at the time he took the goods he was constable, and justified the taking under a writ of attachment issued by Joseph Harne, a justice of the peace, in a suit wherein John and Ann Beers were plaintiffs and one J. H. Clemetshaw defendant, and as the property of said Clemetshaw; that a few months previous to the attachment Clemetshaw owed largely, and was insolvent; owned part of this property, and had formed a secret partnership with the plaintiff, putting the part of the property owned by him in as his contribution to the capital in the trunk-making business; that the plaintiff and Clemetshaw, for the purpose of defrauding the creditors of Clemetshaw, gave out and pretended that the plaintiff had bought the property, and was carrying on the business alone, with Clemetshaw as foreman, and that the remainder of the property was made or acquired by the partners after this, and prior to the attachment.

The cause was tried before a jury, who returned a verdict that the "property described in the complaint belonged to the plaintiff, and that he is entitled to a return of the same, or a recovery of the value thereof, found to be three hundred

and fifty dollars, and damages in addition, in the sum of two hundred and fifty dollars." The judgment followed the verdict. The appeal is from this judgment.

It will be noticed, from the foregoing statement of the case, that the answer contained no denial, or even an attempt at a denial, of the value of the property or the amount of damages.

The only issue tendered by the plaintiff, which was accepted by the defendant, was as to ownership and possession. The answer tendered a further issue as to a pretended sale and partnership.

Upon the trial, the plaintiff testified as to the purchase of the property from Clemetshaw, and also put in other testimony in relation to the *bona fides* of the transaction. There was testimony on the part of the defendant tending to establish the whole defense set up in the answer; he established the regularity of the attachment proceedings in the justice's court. The defendant then offered in evidence the judgment and execution in that case. This was objected to, on the ground that it was "incompetent." The objection was sustained, and this ruling forms the ground for the first specification of error on the part of the defendant.

This piece of evidence was not incompetent, as no defect in the judgment or the proceedings leading thereto were pointed out or suggested. We must assume that it was regular in form and substance. The evident object of the offer was to lay the foundation for testimony attacking the *bona fides* of the sale to the plaintiff. For this purpose it was both competent and material, as the case then stood. A creditor at large can not impeach a sale of property by his debtor to a third person until he has obtained judgment, taken out execution, and the same has been returned unsatisfied, or unless he claims by virtue of some writ or process giving him specific lien thereon; for as between the parties the sale is valid.

An officer who seizes property in the hands of the debtor may justify under the execution or process, but when he takes property from a third person who claims to be the owner thereof, if on execution, he must show the judgment and execution; if on attachment, an indebtedness, the writ of attachment, and the proceedings on which is was based.

If this error had not been cured by subsequent proceedings and instructions, it would have been sufficient to have reversed the judgment. The record clearly discloses that its exclusion worked no injury to the defendant, for without objection he was allowed to go as fully as he desired into the transaction between Clemetshaw and the plaintiff. He proved an in-debtedness from Clemetshaw to John and Ann Beers, and the regularity of the attachment proceedings. He could have done no more had this evidence been received. At the defendant's request the court instructed the jury that "the plaintiffs in said writ of attachment are to be treated as creditors of John H. Clemetshaw; and a constable, in serving the same, would represent them, and be entitled to assert their rights." ·

When an error of the court has been so completely cured by the subsequent rulings and proceedings that it is plainly apparent that no injury could have resulted from it, the judgment will not be reversed on account of such error.

There was a further objection to the execution offered, that it was irrelevant and immaterial, as it was coupled with an offer to show the sale of the property to satisfy the judgment. Under the issues made by the defendant himself, it was clearly irrelevant and immaterial. An officer in order to justify the seizure of property in the possession of a stranger to the writ must plead specially such justification. In·this case it was not the levy and sale under the execution that was pleaded, but the attachment proceeding. He could not change this issue on the trial. As a justification, it was immaterial, because he had not pleaded it.

The court instructed the jury, in substance, that there being no denial in the answer of the value of the goods or the amount of damages, if they found that the plaintiff was the owner of the goods in question at the time they were taken, or when the suit was commenced, their verdict should be for the restitution of the said goods to plaintiff, or for the value, three hundred and fifty dollars, and for two hundred and fifty dollars as plaintiff's damages. The giving of this instruction is assigned as error.

This complaint was verified, and section 65 of our practice act is a complete answer to this objection. We have re-

peatedly held that in such cases it was not error to so in-
struct the jury.

The next specification of error relied upon is that "the
court erred in giving instruction contained in the plaintiff's
fifth request, for it ignores the statutory grounds on which
the defendant claimed the property to be liable to seizure,
and tended to mislead the jury."

The request given by the court is as follows: "A party,
though in debt, may sell his property to whom he pleases, if
no lien exists to prevent it; and if the transaction be a fair
one, made in good faith and for an adequate consideration, it
matters not how many creditors may be thereby prevented
from reaching the property."

This instruction does not ignore the statutory grounds
upon which the defendant claimed the property liable to
seizure, neither can I see how it could in any manner mislead
the jury, and especially as the court in his charge used this
language: "The law is that any sale made by a vendor of
goods and chattels in his possession or under his control, and
every assignment of goods and chattels, unless the same be
accompanied by a delivery within a reasonable time, and be
followed by an actual and continued change of possession of
the things sold or assigned, shall be conclusive evidence of
fraud as against the creditors of the vendor.   If, therefore,
the jury find that there was a sale from Clemetshaw to Snell
of the property in question, and that the same was not
accompanied by a delivery of the property within a reason-
able time thereafter, or was not followed by an actual and
continued change of possession, but that the said property
continued in the possession of said Clemetshaw, and was in
his possession up to the time of the levy of the attachment,
such possession is conclusive evidence of fraud as against the
creditors of Clemetshaw."

"If the jury find that the said Clemetshaw was in the
actual use of said property, exercising control to make trunks
and other articles and sell them, and in all respects dealing
therewith as owner, and not as agent of Snell, such acts would
constitute actual possession, notwithstanding the sign over
the door of 'John W. Snell, successor to John H. Clemet-
shaw.'"

The next specification of error is that "the court erred in giving the instructions contained in plaintiff's ninth and tenth requests. There was no evidence that the plaintiff was excluded from the use of the building. Nor is it true, for locking up the building in which was the attached property, the officer would lose the protection of his writ and become a trespasser."

The instruction complained of is as follows:

"9. In attaching the personal property, the officer had no right to exclude the occupant from the use of the building to any greater extent, or for any greater time, than was reasonably necessary for him to make the levy and remove the property. If, therefore, you find that Snell was occupying the building, and that the officer excluded him from the use of it, or assumed to and did control the building and exclude Snell from the use and occupation of the same to any greater extent than was necessary for the purpose aforesaid, then he abused his process, and is not entitled to justify his action thereunder."

"10. If the jury find that Snell was a partner with Clemetshaw in the property attached, and that the defendant abused his process, as above stated, then Snell would be entitled to possession and ought to recover."

There is conclusive proof that the plaintiff was excluded from the room used as a store or factory, if not from the whole building. In his examination in chief, the plaintiff testified that "when the defendant took the property he took possession of and closed up the trunk factory and stopped business. I forbid him, and told him I was the owner." The defendant himself testified: "I locked up the building and put the key in my pocket. I kept charge of the building some days."

The value of the goods taken was only three hundred and fifty dollars. From the list set out in the complaint, it can be seen they were few in number. An hour's time would have been sufficient to have taken an inventory or removed them. It certainly did not require some days for this purpose. If an officer retained possession longer than is reasonably necessary to remove the goods or take an inventory of them, he abuses his authority. He has no right to make use

of a tenement of another to keep attached goods in without the express or implied assent of the proprietor. The question whether the plaintiff was occupying the building or not, and whether the defendant excluded him from it to a greater extent than was necessary, was fairly left to the jury. It was not error to give these instructions. The next specification of error relied upon is: "The court erred in giving the instruction contained in the plaintiff's thirteenth request, as tending to mislead the jury, for no part of the property in question is of the description mentioned in this request."

The instruction referred to tools used in the manufacture of trunks as exempt from execution. The list of articles in the complaint does include property of that description. The giving of the instruction was not error.

The next specification of error relied upon is: "The court erred in the instruction contained in the plaintiff's fourteenth request, by taking from the jury an important consideration bearing on the allegation of fraud. The court gave this instruction in view of testimony touching a mode of agreeing to pay creditors and the seller, which was suspicious, and with other *indicia* of fraud, warranted the conclusion, as matter of fact, that the plaintiff's pretended purchase was with intent to defraud the vendor's creditors."

The following is the instruction complained of: "14. If Snell bought the property and assumed to pay and become responsible for Clemetshaw's debts, that was payment to that extent on his purchase."

This instruction, taken in connection with the balance of the charge upon this subject, could have no tendency to mislead any jury. It is not often that the whole law bearing upon a case can be stated in a single proposition. The whole charge must be taken together. There was no error in giving this instruction.

The remaining specification of error is: "The court erred in refusing to give instructions requested by defendant in his second request."

The instruction asked is in the following words: "2. The said property was liable to be seized and taken on said writ if said John H. Clemetshaw was either sole or part owner of the same; so that if the jury find that Snell and Clemetshaw

were partners and said property was partnership property when the attachment was served, the said property was subject to be taken in whole into the possession of the officer upon the said writ."

One complete answer to this exception is found in the verdict of the jury. The claim of the plaintiff was that he was the sole owner of this property. This is what he insisted upon. The question whether he was or not was fairly left to the jury, and upon the facts, they have found that the goods did belong to the plaintiff.

There could be no error in refusing the request, for the jury did not find that plaintiff and Clemetshaw were partners, hence there are no facts to which the principle of law contained in the request could be applied, assuming it to be entirely correct. Neither do we regard it as correct as applied to the conceded facts in this case, whatever might be said of it as an abstract principle of law.

The admitted proof is, not that the constable attached the interest of Clemetshaw, as partner or otherwise, in the property, but that he seized and levied upon the entire property. The testimony of the defendant in substance is, that he attached and finally sold the whole property as the property of Clemetshaw. It was contended on the part of the defendant that it was the property of Clemetshaw, or that he had a leviable interest in it. Neither the attachment nor the justification is restricted to the interest of Clemetshaw. The seizure is shown to have been in hostility to the rights of and against the earnest protest of the plaintiff.

The question presented by this exception is, whether a seizure thus made of or upon the entire property, as the sole property of the debtor, is justified by showing that the debtor had an interest therein as a copartner.

This precise question is answered by the New York court of appeals in *Atkins* v. *Sexton*, 77 N. Y. 195. We quote and approve the language of that decision: "The right of the sheriff to levy upon and sell the interest of a partner in partnership property, under an attachment or execution against such partner for his individual debt, is undoubted. For the purpose of rendering such levy and sale effectual, it is also well settled that the sheriff may take possession of the whole

property, and upon a sale may deliver it to the purchaser, who takes it subject to the rights of the copartners of the debtors and the creditors of the firm, and subject to an accounting, which may disclose that he derived no beneficial interest from his purchase; all that he can ultimately obtain is the debtor's share of such surplus as may remain after payment of the firm debts, and the adjustment of the accounts of the partners as between themselves. The proceedings of the sheriff to reach this interest should be conducted as far as possible in harmony with the rights of the other partners, and not in hostility to them. His power to take and deliver possession of the *corpus* of the property is merely incidental to the right to reach the interest of the debtor, and is to be exercised only as a means to that end. Consequently, if he exceeds that limit, and undertakes to interfere with the rights of the other partners to a greater extent than is necessary to reach the interest of the debtor partner, and dispose of it, as, when instead of selling the interest of the debtor partner he undertakes to sell the entire property, although his act is nugatory, such interference renders him liable as a trespasser *ab initio.*"

In the present case the defendant admits, on the trial, not only that he took the entire property as the property of Clemetshaw, but sold the entire property as his, and every act that he did was in hostility to the plaintiff. The principle invoked by the request is not applicable to the facts made by the case.

When it is sought to subject the interest of a debtor's fraction in partnership property to the payments of his individual debts, the better and safer way is to proceed in accordance with the suggestions laid down by Mr. Parson in his work on contracts, by trustee process, or process of garnishment, under regulations laid down in our practice act: 1 Parsons on Contracts, 210.

We have added this latter paragraph for the reason that officers and parties may refer to this decision for authority in this class of cases.

We find no error in this record sufficient to justify a reversal of the judgment, and it is affirmed with costs.

HUNTER, C. J., and TWISS, J., concurred.