JUDGE LINDSAY
delivered the opinion op the court.
W. H. Kerney and wife hold title to the eighteen-acre tract of land conveyed to them in 1848 by John Combe as tenants by entirety. Their estate is one and indivisible. By the common law the husband would have no power to alienate it so as to defeat or in any way affect the rights of the wife in case she should outlive him (Rogers v. Grider, 1 Dana, 242); but he could convey the entire estate during the coverture, and if he should survive the wife his conveyance would become as effective to pass the Avhole estate as if he had been sole seized in fee when he conveyed, (Washburn on Real Property, side page 425.)
The adoption of the act of February 23,1846 (Acts 1845-6, p. 42), deprived creditors of a husband of the right to subject to the payment of their debts ar estate of this character in such manner as to deprive him of the possession during the life of his wife, because she as well as he owns and holds a present vested interest in it, and to dispossess the husband for the benefit of his creditors would in effect be to apply the wife’s present interest in the land to the payment of his debts. By the statute cited it was provided expressly that the lands of the wife should not be subject to the debts of the husband; and this court, in the case of Moore v. Moore (14 B. Mon. 208), held that since its passage the husband has no interest in the wife’s land liable for his debts. ' •
The conveyance to Kerney and wife was made subsequent to the enactment of this law, and Mrs. Kerney is entitled to its benefits. We conclude therefore that Kerney can not by any act of his prejudice Mrs. Kerney’s right of survivorship, and that his creditors have no power to deprive her of the *201 enjoyment of the land while it remains undetermined whether she or her husband will ultimately become the sole owner of the fee; but it by no means follows that the interest of the husband may not be sold by a court of equity, and the proceeds applied to the payment of the husband’s debts, provided it be so done as neither to affect Mrs. Kerney’s right of survivorship, nor her right to the enjoyment of the realty during her life, whether she survive her husband or not.
This court did not intimate in the opinion in the case of Rogers v. Grider (supra) that the execution sale of Grider’s interest in the lands held by himself and wife as tenants by entirety was void, but that it did not deprive Mrs. Grider of the right to assert her claim as owner of the fee after the death of her husband; and under the laws then in force we see no valid reason why the husband’s creditors could not seize and sell the entire estate during the coverture.
The restrictions placed upon the husband’s marital rights by the statute of 1846, which were increased rather than modified by the provisions of the Revised Statutes, we are inclined to think, so fettered the husband’s estate in land held by himself and wife as tenants by entirety as to exempt it from seizure and sale under execution; but there can be no sufficient reason why it may not be subjected to the payment of his debts by the judgment of a court of equity. The wife, being a party to a proceeding for that purpose, as she is in this case, can assert her claim, and the judgment can be so framed that the sale of the husband’s interest will neither affect her right of survivorship nor deprive her of the enjoyment of the lands so long as she may live.
To refuse creditors this relief will be to determine that a debtor can hold a present vested interest in land, subject only to be defeated by his wife surviving him, which interest his creditors can reach neither at law nor in a court of equity.
It is scarcely possible that such an estate as this can be *202 held under the laws of this commonwealth, unless the exemption be the result of express legislation.
We are of opinion that the husband’s right of survivorship should have been subjected to the payment of appellant’s debts, and that the chancellor erred in refusing so to adjudge. His judgment is reversed, and the cause remanded for a judgment in conformity with the principles of this opinion.