## In re BROWN.

District Court, W. D. Kentucky.
July 13, 1932.

Ben S. Washer and Arthur B. Bensinger, both of Louisville, Ky., for bankrupt.

DAWSON, District Judge.

This matter is before me on petition of Homer W. Batson, trustee for the bankrupt, to review the action of the referee in entering the order of April 25, 1931, holding that the only interest which passed to the trustee in the home occupied by the bankrupt and his wife was the contingent right of survivorship of the bankrupt in this property, and on the petition of James B. Brown, the bankrupt, to review the same order. The contention of the bankrupt is that no interest in this property passed to the trustee.

The property involved is a tract of approximately six acres bordering Cherokee Park, on which there is a handsome residence, which at the time of the institution of the bankruptcy proceeding was, and now is, occupied by the bankrupt and his wife as a home. This property was conveyed to the bankrupt and his wife by two deeds, one dated September 23, 1924, and the other January 7, 1925. The part of each deed material to this controversy reads as follows:

"This deed between Marie H. Seelbach and Louis Seelbach, her husband, parties of the first part, and James B. Brown and Elizabeth B. Brown, his wife, parties of the second part, witnesseth:

"That for a valuable consideration paid, the receipt of which is hereby acknowledged, the parties of the first part do hereby convey with covenant of general warranty unto the parties of the second part, *during their joint lives as tenants in common, with remainder in fee simple to the survivor of them,* the following described real estate," etc.

A correct solution of the questions here presented requires an examination of the common-law rule in Kentucky as to the respective rights of husband and wife in real estate deeded or devised to them jointly, and of the Statutes of Kentucky modifying the common-law rule.

At common law a conveyance or devise of real estate jointly to husband and wife made them tenants by the entirety. That is to say, their interest in the title was one and indivisible, the fee in the entire estate thus held passing to the survivor. During their joint lives their holding was regarded as one and indivisible, and the estate thus held during their joint lives was under the full control and domination of the husband. He was entitled to the rents, uses, and profits thereof. During their joint lives he could sell it and deliver possession thereof to the purchaser, to the exclusion of the wife's possession, and the deed thus executed by him during their joint lives operated to convey the entire title in the property to the purchaser in event the husband outlived the wife. This interest of the husband at common law could be subjected to sale by his creditors. Cochran v. Kerney, 9 Bush, 199.

This continued to be the law of Kentucky until the passage by the Legislature of chapter 368 of the Acts of 1846, which, among other things, provided as follows: "That the lands of no married woman within this Commonwealth, which she may have owned at the time of her marriage, or which may come or be given, devised or descend to her during the marriage, shall be subject to the debts of the husband, or be levied on, attached or sold, or executed, for any of his debts, created or arising either before or after the marriage."

As construed by the Court of Appeals in the cases of Moore v. Moore, 14 B. Mon. 259, and Cochran v. Kerney, 9 Bush, 199, this law had the effect of leaving the husband still free to enjoy the use, profits, and rents of real property jointly owned by him and his wife during coverture, with the right during their joint lives to convey same subject to the conveyance being defeated in event his wife should outlive him, but to close the door to creditors of the husband levying on and selling this interest in such property so as to deprive the wife of the enjoyment and occupancy of the land during their joint lives and while it remained undetermined whether she or her husband would ultimately become the sole owner of the fee. The case of Cochran v. Kerney, supra, however, held that a court of equity could subject this interest of the husband in real estate jointly held by him and his wife to the payment of the husband's debts, provided it was so done as to neither affect the wife's right of survivorship nor her right of enjoyment of occupancy during their joint lives.

The law of Kentucky remained in this condition until 1852, when by section 1 of article 2 of chapter 47 of the Revised Statutes (Stanton, vol. 2, p. 8), it was provided: "Marriage shall give to the husband, during the life of the wife, no estate or interest in her real estate, chattels real, or slaves owned at the time or acquired by her after marriage, except the use thereof, with power to rent the real estate for not more than three years at a time, and hire the slaves in like manner for not more than one year, and receive the rent and hire."

Subsections 1 and 2 of this section specifically provided that neither such real estate nor the husband's contingent right of curtesy or life estate therein, nor his right to the use, rent, or hire thereof, could be sold or otherwise subjected to the debts of the husband during their joint lives. This statute, in slightly modified form, was carried into the General Statutes as a part of section 1, article 2, of chapter 52 of that compilation. This law had the effect of not only closing the gap left in the act of 1846, by which the husband's common-law interest in real property jointly held by him and his wife could be

equitably subjected to the payment of his debts in the manner pointed out in the case of Cochran v. Kerney, supra, but it also swept away the common-law right of the husband during their joint lives to sell and convey real estate jointly held by him and his wife subject to the defeat of such conveyance if the wife outlived the husband.

There was still left, however, the common-law rule of survivorship in such cases, even though the instrument under which they jointly held contained no express provision of such right of survivorship. This common-law right, however, was abolished in 1852 by section .14 of article 4 of chapter 47 of the Revised Statutes, which provided: "Where any real estate or slave is conveyed or devised to husband and wife, unless a right by survivorship is expressly provided for, there shall be no mutual right to the entirety by survivorship between them; but they shall take as tenants in common and the respective moieties be subject to curtesy or dower with all other incidents to such a tenancy."

This law has continued in force and is found in substantially the same form, in so far as real estate is concerned, in section 2143, Kentucky Statutes, Carroll's 1930 Edition.

Upon the enactment of this statute the only common-law rights of the husband during coverture in real estate held jointly by him and his wife were his right to enjoy the use and control thereof and the right to rent it for a period of not exceeding three years at a time. To this extent .the person of the wife was still deemed at common law to be merged in that of her husband during the existence of the marriage relation.

This remaining feature of the common law, however, was swept away by the Weissinger Act of 1894, which is now section 2127, Kentucky Statutes, Carroll's 1930 Edition, which in part provides: "Marriage shall give to the husband, during the life of the wife, no estate or interest in the wife's property, real or personal, owned at the time or acquired after the marriage. During the existence of the marriage relation the wife shall hold and own all her estate to her separate and exclusive use, and free from the debts, liabilities or control of her husband."

Thus, by these successive legislative steps, the harsh common-law rule applicable to real estate jointly held by husband and wife, heretofore adverted to, has been swept away, and real estate now jointly held by husband and wife is in exactly the same status, and held by them in exactly the same relation, as is land held by other joint tenants, except there is still preserved the right to remainder in fee by survivorship, if such right is expressly reserved by the instrument under which they hold. The right of survivorship as it now exists is not a survival of the common law, but is a right secured to them by statute, and, as I view the present law of Kentucky, this right of survivorship in no way whatever colors or affects their respective rights of use and occupancy of the estate during their joint lives. During that time they hold it as tenants in common. If the right of survivorship is secured by the instrument under which they claim, upon the death of either the remainder in fee passes to the other. If such survivorship right is not so secured to them, upon the death of either the other takes only such interest in the fee as is given by the laws of descent and distribution of this state.

Construing the deeds involved here in the light of the rule here announced, I think it is clear that Mr. and Mrs. Brown during their joint lives hold the property as tenants in common, with remainder in fee simple to the survivor. I do not regard the expression "during their joint lives as tenants in common," contained in these deeds, as in any way limiting the right of survivorship, nor do I think the right of survivorship in any way colors or affects the character of their use and occupancy during their joint lives. During this period they have the right of use and occupancy of the entire property as tenants in common. Such being the case, the bankrupt, James B. Brown, has an undivided one-half interest in the right to the use, occupancy, and rents of the entire property during their joint lives, with a contingent fee in the entire property, depending upon whether or not he outlives his wife, and this interest, in my judgment, passed to the trustee in bankruptcy and can be sold as an asset of the bankrupt estate.

While I am firmly convinced that the rule here announced is a correct construction of the statutes which have been referred to, yet if by a settled line of decisions the Kentucky Court of Appeals had construed these statutes differently in the situation here presented, I would be compelled to follow that line of decisions; but a careful study of the decisions of that court on this and related subjects satisfies me that there is no settled construction by that court contrary to the one here announced. It is true that some expressions of the Court of Appeals may be found indicating a contrary view, and such a con-

trary view is clearly deducible from the case of Francis v. Vastine, 229 Ky. 431, 17 S.W. (2d) 419; but a view entirely in harmony with the one expressed herein is found in the case of Petty v. Petty, 220 Ky. 569, 295 S. W. 863. So I must conclude that the Kentucky Court of Appeals has not definitely and conclusively adopted a contrary rule.

I am fortified in the views herein expressed by many well-reasoned cases from other jurisdictions, particularly by the reasoning in the cases of Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762; Buttlar v. Rosenblath, 42 N. J. Eq. 651, 9 A. 695, 59 Am. Rep. 52; Branch v. Polk, 61 Ark. 388, 33 S. W. 424, 30 L. R. A. 324, 54 Am. St. Rep. 266.

 It has been urged upon me that a purchaser of Brown's rights and interest in the property during the joint lives of himself and wife would secure nothing of tangible value, as the purchaser could not disturb Mrs. Brown's right of occupancy and use of the entire estate during that period. This suggestion, however, grows out of a misunderstanding of Mrs. Brown's right in the estate during their joint lives. I do not subscribe to the suggestion that the purchaser must enjoy the right of use and occupancy jointly with Mrs. Brown during the joint lives of her and her husband, and that he has no alternative. I think section 490 of the Civil Code of Practice of Kentucky expressly covers such a situation. This section provides in part: "A vested estate in real property jointly owned by two or more persons ˙ * ˙ may be sold by order of a court of equity in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant. ˙ × * If the estate be in possession and the property cannot be divided without materially impairing its value, or the value of the plaintiff's interest therein."

The estate of Brown and his wife, for their joint lives, in this property is unquestionably a vested estate, in which each has an undivided one-half interest. It is an estate in possession, and I apprehend that there will be no difficulty in establishing the fact that it cannot be divided without materially impairing its value. I have no doubt, in view of these provisions of the Code, that the purchaser, in an equitable proceeding in the state court, can sell this right of joint occupancy for the joint lives of Brown and his wife, and of course the proceeds would be equally divided between the purchaser of Brown's interest from the trustee in bankruptcy, and

Mrs. Brown. I have no doubt whatever, under the law of Kentucky, that the interest of Brown in the fee, contingent upon his outliving his wife, can also be sold by the trustee under section 1681 of Kentucky Statutes.

At this time I express no opinion as to Brown's right to have set aside to him out of the proceeds of the sale of his interest in the real estate referred to a thousand dollars in lieu of his homestead.

For the reasons stated, the order of the trustee complained of will be set aside and the case sent back to the referee, with directions to enter an order conforming to the views herein expressed.