## TULLIS v. PRATT, Judge, et al.

No. 5644. Decided March 12, 1935. (42 P. [2d] 222.)
Rehearing Denied March 27, 1935.

*Skeen & Skeen,* of Salt Lake City, for plaintiff.

*David J. Wilson,* of Ogden, for defendants.

ELIAS HANSEN, Chief Justice.

Plaintiff filed in this court a verified petition praying for a writ of prohibition. She seeks to prohibit the district court of the Second judicial district of the state of Utah and the Hon. Eugene E. Pratt, one of the judges thereof, and A. M. Hammon, sheriff of Weber county, Utah, from enforcing a judgment against her in favor of Charlotte B. Jacobs for the restitution of a tract of land located in Weber county, Utah. Upon filing the petition, an alternative writ of prohibition issued directing the defendants to desist until the further order of this court from further proceeding in the cause of *Charlotte B. Jacobs* v. *Ellen M. Tullis,* and to show cause why they should not be permanently prohibited from enforcing the judgment in such cause. Within the time fixed in

the alternative writ of prohibition so issued, defendants appeared and answered.

It is made to appear from the pleadings so filed that on March 14, 1927, Murray K. Jacobs, predecessor in interest of Charlotte B. Jacobs, entered into a written agreement with the petitioner whereby Murray K. Jacobs agreed to sell and plaintiff agreed to buy, for the sum of $1,740, a tract of land situated in Weber county, Utah; that upon the execution of such agreement petitioner went into possession of the land therein described; that petitioner paid a substantial amount (there is a dispute as to the exact amount) upon the purchase price of the property which she agreed to buy; that petitioner has made some permanent improvements thereon; that on August 1, 1934, Charlotte B. Jacobs, as successor in interest of Murray K. Jacobs, caused a notice to be served upon petitioner reciting that the real estate contract between her and Murray K. Jacobs was terminated by reason of default in payments of the money owing thereon; that such notice demanded that plaintiff, her husband, and her son Victor, vacate, within five days, the premises described in the real estate contract and in the notice; that at the time such notice was so served the plaintiff was in arrears in the sum of $600 in the payment of the interest on her real estate contract with Murray K. Jacobs, and was also in arrears in the payment of the taxes levied against the premises; that on August 14, 1934, plaintiff filed a petition in the United States District Court for the District of Utah, praying for relief under section 75 of the Act of Congress of March 3, 1933, entitled, "Provisions for the Relief of Debtors" (chap. 8, Bankruptcy Act, 11 USCA § 203). In that petition she prayed for a composition or extension of time to pay her debts pursuant to said act; that on August 18, 1934, Charlotte B. Jacobs filed an action in the district court of the second judicial district of the state of Utah, in and for the county of Weber, for the recovery of possession of the real estate described in the contract between plaintiff and Murray K. Jacobs; that petitioner filed in said cause a

motion to abate the action so instituted by Charlotte B. Jacobs, which motion was denied; that thereafter plaintiff filed an answer to the complaint of Charlotte B. Jacobs in which answer plaintiff alleged that prior to the commencement of the action by Mrs. Jacobs in the district court of Weber county the plaintiff had filed a petition in the United States District Court of Utah for relief under section 75 of the Bankruptcy Act; that after such answer was filed a trial was had and on November 20, 1934, a minute order was entered granting Mrs. Jacobs judgment for the restitution of the premises in question; that on December 8, 1934, upon petition of Charlotte B. Jacobs, she was, by an order of the Hon. Tillman D. Johnson, judge of the United States District Court for the District of Utah, granted leave to prosecute the action pending in the state district court of Weber county for the purpose of determining the respective rights of the parties to the real property in controversy; that thereafter findings of fact, conclusions of law, and judgment were made and entered in the cause pending in the state district court of Weber county; that the judgment so made and entered granted to Mrs. Jacobs the right to the property in question; that thereafter a writ of restitution was issued directing the sheriff of Weber county to place Charlotte B. Jacobs in possession of the property in dispute. There are other allegations in the pleadings in this cause, but sufficient of the substance thereof has been recited to indicate the questions of law which divide the parties to this proceeding.

This proceeding was brought to prohibit the execution of the writ of restitution issued by the state district court of Weber county, Utah. It is plaintiff's contention that upon the filing of her petition for debtor's relief in the federal District Court the state district court could not acquire jurisdiction of either the person or property of plaintiff in the absence of an order of the federal District Court granting leave to bring such an action in the state district court. In support of her position in such respect, reliance is had upon the provisions for relief of debtors contained in section 75

of the Act of Congress of March 3, 1933 (chapter 8, Bankruptcy Act, 11 USCA § 203). Provision is made in section 75 of the act for the relief of farmers who are insolvent or unable to meet their debts as they mature. Subdivision (o) of section 75, 11 USCA § 203 (o), provides:

"(o) Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court:

"(1) Proceedings for any demand, debt, or account, including any money demand;

"(2) Proceedings for foreclosure of a mortgage on land, or for cancellation, rescission, or specific performance of an agreement for sale of land or for recovery of possession of land;

"(3) Proceedings to acquire title to land by virtue of any tax sale;

"(4) Proceedings by way of execution, attachment, or garnishment;

"(5) Proceedings to sell land under or in satisfaction of any judgment or mechanic's lien; and

"(6) Seizure, distress, sale, or other proceedings under an execution or under any lease, lien, chattel mortgage, conditional sale agreement, crop payment agreement, or mortgage."

The act further provides, by the following subdivision, that:

"(p) The prohibitions of subdivision (o) shall not apply to proceedings for the collection of taxes, or interest or penalties with respect thereto, nor to proceedings affecting solely property other than that used in farming operations or comprising the home or household effects of the farmer or his family.

"(q) A conciliation commissioner shall upon request assist any farmer in preparing and filing a petition under this section and in all matters subsequent thereto arising under this section and farmers shall not be required to be represented by an attorney in any proceeding under this section.

"(r) For the purpose of this section and section 202, the term 'farmer' means any individual who is personally bona fide engaged primarily in farming operations or the principal part of whose income is derived from farming operations, and includes the personal

representative of a deceased farmer; and a farmer shall be deemed a resident of any county in which such farming operations occur." 11 USCA § 203 (p–r).

The petition filed in this proceeding is fatally wanting in allegations of fact to entitle the petitioner to the benefits of section 75 of the Bankruptcy Act. Nowhere is it alleged that plaintiff is, or at the times complained of was, "personally bona fide engaged primarily in farming operations or the principal part of whose income is derived from farming operations," or that she is or was, at the time complained of, "the personal representative of a deceased farmer"; nor is it made to appear by the allegations of the petition filed herein, or otherwise, that the proceedings brought in the state district court affect property used in farming operations or comprised the home of the petitioner or her family. Even though the petition were not fatally defective in the particulars indicated, still she is not entitled to the permanent writ of prohibition prayed for. It appears from the pleadings filed in this cause that one of the issues, if not the sole issue, raised and determined in the state district court proceeding was whether or not the plaintiff herein had any interest in the property involved in this controversy. Such issue was decided adversely to her. Whether such issue was properly or improperly decided by the court below may not be reviewed in this proceeding. The provisions of the Bankruptcy Act relied upon by plaintiff were not intended to protect one who is unlawfully in the possession of the property of another. Section 75, subdivision (n), of the act, 11 USCA § 203 (n), provides that:

"The filing of a petition pleading for relief under this section shall subject the farmer and his property, wherever located, to the exclusive jurisdiction of the court."

If, at the time complained of, the plaintiff was wholly without right in or to the premises in question, obviously the federal District Court could acquire no jurisdiction, exclusive or otherwise, over property or a property right which

had no existence. Such was apparently the view taken by the federal District Court when upon petition to that court Mrs. Jacobs was granted leave to proceed with the prosecution of the action which she had theretofore commenced in the state district court against the plaintiff herein.

Plaintiff is not entitled to the relief prayed for in this proceeding in the absence of a showing that she has a property right in the premises in question. We may not assume that she has any such right, especially in light of the fact that the court below determined that she was without right. The state district court acted within its authority in assuming jurisdiction of the action brought for the purpose of determining what right, if any, the plaintiff had in the property in question, notwithstanding the plaintiff had filed a petition in the federal District Court seeking relief under the Bankruptcy Act.

The alternative writ of prohibition heretofore issued is recalled and vacated, and the application for a permanent writ of prohibition is denied. Costs to defendants.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.