## MILLER v. MANGUS et al.
### No. 2285.

Circuit Court of Appeals, Tenth Circuit.

Jan. 12, 1942.

508

Hadlond P. Thomas, of Salt Lake City, Utah (Daniel H. Thomas, of Salt Lake City, Utah, on the brief), for appellant.

J. D. Skeen and E. J. Skeen, both of Salt Lake City, Utah, for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order of the District Court for the District of Utah, sustaining its jurisdiction over certain property included within the schedule of the debtor in a farmer-debtor proceedings under Section 75 of the Bankruptcy Act. Title 11, Section 203, U.S.C.A.

By motion to strike, the appellant challenges the jurisdiction of the bankruptcy court to administer certain property scheduled in the proceedings under Section 75 of the Act. The facts, as disclosed by the motions of the appellant, and affidavits in support thereof, show that on or about the 3rd day of November, 1938, one James K. Miller, as the seller, entered into a contract in writing with Walter L. Mangus, the debtor here, and his wife, Rose L. Mangus, by the terms of which the seller agreed to sell to the buyers, Walter L. Mangus and Rose L. Mangus, "as joint tenants with full rights of survivorship and not as tenants in common" the tract of land involved in this appeal.

The buyers agreed to pay the sum of $4,000; $500 in cash and $35 on the 3rd day of each month thereafter, commencing December 3, 1938. The appellant, Matthew A. Miller, acquired the contract from the original seller. The contract provided that time was the essence thereof, and on failure of the buyers to comply with the terms, or to make any payment or payments when due, or in thirty days thereafter, the seller would be released from all obligations in law and equity, to convey the said property; that all payments made thereon would be forfeited to the seller as liquidated damages for nonperformance, and the seller might re-enter and take possession of the said premises and the buyers would thus become tenants at will.

On November 30, 1940, the buyers were in default for "many months" more than thirty days, whereupon the seller notified them in writing of such default; demanded that they make full payment on or before January 3, 1941, of all sums due on the said contract or forfeit all rights thereunder.

The buyers failed to comply, but on December 28, 1940, Walter L. Mangus, without reference to his cotenant, commenced these proceedings in bankruptcy under Section 75, listing among his assets, the land in question. On January 27, 1941, the appellant filed his motion to strike from the

debtor's schedule of his property, the land in question and, in support thereof, filed an affidavit narrating the facts substantially as herein stated.

Nowhere in the record are these facts traversed or disputed. But pursuant to leave granted on February 1, 1941, and on February 6, 1941, Rose L. Mangus filed what is termed a "Joinder of Rose L. Mangus," in which she attempted to join and expressly adopt the petition of Walter L. Mangus for relief under Section 75 of the Bankruptcy Act (making reference to Schedules A and B), the same as if she had signed the said petition and schedules at the time they were filed by her joint tenant. She claimed accrued rights as of the date of the filing of the petition, and for relief under Section 75 of the Bankruptcy Act.

On the 8th day of February, 1941, the appellant seller, by supplemental motion and affidavit by his attorney, renewed his motion to strike the described property from the schedules, and again challenged the jurisdiction of the court to administer the property in bankruptcy under Section 75, contending that the "Joinder of Rose L. Mangus," filed on February 6, 1941, did not confer jurisdiction on the court to administer the property in bankruptcy because on that date Rose L. Mangus, having forfeited all right, title and interest in the property, could not invoke the jurisdiction of the bankruptcy court; contending that the court was without jurisdiction of the joint estate and the property scheduled, and prayed that the said property be stricken from the proceedings.

On February 24, 1941, the court having considered the original and supplemental motion to strike and the affidavit in support thereof, overruled and denied them. From this order the appellant has appealed.

█ The facts set forth in the affidavits of the appellant were not challenged or refuted on the record, and hence they stand admitted.

█ When Walter L. Mangus commenced proceedings under Section 75 on December 28, 1940, he and his wife, Rose L. Mangus, were the owners of a contract for a deed or a contract for sale of the land in question, as joint tenants with the right of survivorship and not tenants in common. The contract was in default but had not been forfeited. They were, therefore, jointly seized of an interest in prop-

erty which was subject to the jurisdiction of a court of Bankruptcy under Section 75.

 It is no longer open to question that subsections n and o of Section 75, Section 203, subsections n and o, 11 U.S. C.A., are sufficiently broad to include the interest of the holder of a contract for a deed or a conditional sales contract when such contract is in default but before forfeiture. From and after the date of the filing of the petition in bankruptcy the bankruptcy court acquires exclusive and paramount jurisdiction over the property, with the full power to administer the same in accordance with the provisions of the Act.[1] Wright v. Union Central Life Insurance Company, 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490, and Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370.

 It is equally plain that the appellant having served written notice of forfeiture as stipulated, time having been made the essence of the contract, and no extension of time having been granted, the right, title and interest of Rose Mangus was forfeited, from and after January 3, 1941, and she thereafter had no justiciable interest in the property.[2] Her equity, or interest in the property having been effectively cut off the attempted joinder was ineffectual to confer jurisdiction of the bankruptcy court over her estate in the property. Wright v. Union Central Life Ins. Co., supra, and Tullis v. Pratt, supra. The attempted joinder neither added to, nor took from the jurisdiction of the bankruptcy court.

It follows that the jurisdiction of the bankruptcy court over the estate of Rose L. Mangus must fail, unless the petition and schedule of Walter L. Mangus without reference to his cotenant operated to confer jurisdiction of the bankruptcy court over the estate of his cotenant, by virtue of the applicable provisions of the Bankruptcy Act, Section 203, sub. s(4) Title 11, U.S. C.A.[3]

The provisions of the Bankruptcy Act, Section 203, sub. s(4) Title 11, U.S.C.A., are made applicable to joint tenants, but the parties here failed to avail themselves of this right until one joint tenant was no longer seized of a justiciable interest in the property.

The record negatives any intention of either of them to timely avail themselves of any right accorded by the provisions of the statute noted. Section 203, sub. s(4) Title 11, U.S.C.A.

Clearly, Rose L. Mangus, although having a right to join in the proceedings

---

[1] Section 203, Title 11, U.S.C.A.
"(n) The filing of a petition or answer with the clerk of court, or leaving it with the conciliation commissioner for the purpose of forwarding same to the clerk of court, praying for relief under this section, shall immediately subject the farmer and all his property, wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including all real or personal property, or any equity or right in any such property, including, among others, contracts for purchase, contracts for deed, or conditional sales contracts. * * *
"(o) Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court:
* * * * * *
"(2) Proceedings for foreclosure of a mortgage on land, or for cancellation,

recission, or specific performance of an agreement for sale of land or for recovery of possession of land; * * *
"(6) * * * * conditional sale agreement, crop payment agreement, or mortgage."

[2] Munson v. Apartment & Hotel Inv. Co., 62 Utah 13, 218 P. 109; Malmstrom v. Second East Apartment Co., 74 Utah 206, 278 P. 811; Tullis v. Pratt, 86 Utah 244, 42 P.2d 222; American Mortgage Co. v. Logan, 90 Colo. 157, 7 P.2d 953; Wright v. Union Central Life Ins. Co., supra, and Vol. 1 Pomeroy's Equity Jurisprudence, Section 455. Cf. Kohler v. Lundberg, 54 Colo. 339, 180 P. 590; Parker v. California State Life Ins. Co., 85 Utah 595, 40 P.2d 175 and Columbia Airways v. Stevens, 80 Utah 215, 14 P.2d 984. See, also, Oconto Co. v. Bacon, 181 Wis. 538, 195 N.W. 412, 40 A.L.R. page 182.

[3] Sec. 75, sub. s (4) of the Bankruptcy Act, 11 U.S.C.A. § 203. " * * * The provisions of this title shall be held to apply also to partnerships, common, entirety, joint, community ownerships, * * * and any such parties may join in one petition."

while she had an interest capable of protection, failed to avail herself of that right. As a result the estate of Rose L. Mangus in the property was effectively severed by forfeiture on January 3, 1941, and by such severance the joint tenancy was terminated and the appellant Miller became reinvested with her estate in the property.

■ The question presented under this rather anomalous state of facts is whether the failure of the court to acquire jurisdiction over the entire estate is fatal to the jurisdiction of the court over the estate of Walter L. Mangus. In other words, is Rose L. Mangus an indispensable party to the proceedings? This question can best be answered by a practical consideration of the legal effect of a final judgment between the parties as they are now cast. It is well settled that where an indispensable party is absent the court may not grant any relief. See Franz v. Buder, 8 Cir., 11 F.2d 854; Peterson v. Sucro, 4 Cir., 93 F. 2d 878, 114 A.L.R. 890, and Barney v. Baltimore City, 6 Wall. 280, 73 U.S. 280, 18 L.Ed. 825. See, also, In re Harris, D.C., 15 F.Supp. 404, and Shields v. Barrow, 17 How. 130, 15 L.Ed. 158. Bankruptcy is an equitable proceeding, and the rule is applicable here. Vol. 1, Remington on Bankruptcy, Section 23, Fourth Edition and In re Harris, supra.

■■ An estate created by a joint tenancy is subject to alienation, levy and execution and is therefore susceptible of administration under the general bankruptcy law. Tiffany Real Property, Vol. 2, Section 425; Ames v. Chandler, 164 N.E. 616; In re Carpenter, D.C., 5 F.Supp. 101; Thornburg v. Wiggins, 34 N.E. 999; In re Wallace, D.C., 22 F.2d 171, and White, Trustee, v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301. Cf. In re Brown, D.C., 60 F.2d 269. Under general bankruptcy the trustee becomes seized with whatever interest the bankrupt owned in the property and is charged with the duty of administering the same for the benefit of the creditors. It contemplates a marshalling and sale of the assets of the bankrupt, and the distribution of the proceeds to the creditors as their interest appears.

■ Thus it is conceivable that the estate of Walter L. Mangus would be the proper subject matter of a general bankruptcy proceedings, absent jurisdiction of the bankruptcy court over the estate of the joint tenant. 11 U.S.C.A. § 110, sub. a.

In re Brown, supra. Cf. In re Carpenter, supra. But a proceedings under subsections a–r of 75, 11 U.S.C.A. § 203, subs. a–r, does not operate to pass title from the bankrupt to the trustee or the bankruptcy court, but contemplates a status quo pending an adjustment and composition of his debts and is designed to grant a moratorium wherein the debtor will retain title and emerge from the proceedings seized with all the property subjected to the bankruptcy proceedings. Wright v. Union Central Life Ins. Co., supra.

This is what Walter L. Mangus seeks to accomplish here. Suppose then that he is permitted to invoke the jurisdiction of the court over his estate and in his attempt to adjust and effect a composition of his debts what are his rights and what are the rights of Miller? The contract between Walter L. Mangus, Rose L. Mangus, and Miller provides for the payment of the sum of $4,000 for a deed to certain property; the deed to be delivered upon the payment of the contract price. In effecting an adjustment and compromise shall Mangus be required to pay the entire purchase price for an estate in common with the seller, which could be no more than a one-half interest, because Miller is now seized of the interest of Rose D. Mangus over which the court has no jurisdiction, or shall Miller be required to accept one-half of the unpaid indebtedness for one-half interest in the property, to be held as tenant in common with Mangus? It becomes readily apparent that any final order or judgment which the court could make in the premises would be inconsistent with equity; in contravention of the constitutional rights of the parties, and contrary to the fundamental purposes of the Bankruptcy Act. The manifest difficulties are insurmountable.

■ It must be remembered that in the effectuation of the purposes of subsections a–r of 75, 11 U.S.C.A. § 203, subs. a–r, the rights of creditors are essentially and necessarily safeguarded in accordance with established judicial principles. It is not within the constitutional power of a court of bankruptcy to completely abrogate contractual rights in the effectuation of the purposes of the Act. W. B. Worthen Co. v. Thomas, 292 U.S. 426, 54 S.Ct. 816, 78 L.Ed. 1344, 93 A.L.R. 173; Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110; Louisville Joint Stock Land Bank v. Rad-

ford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106; Wright v. Vinton Branch, 300 U.S. 440, 57 S.Ct. 556, 81 L. Ed. 736, 112 A.L.R. 1455; John Hancock Mut. Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176, and Borchard v. California Bank, 310 U.S. 311, 60 S.Ct. 957, 84 L.Ed. 1222. See Vol. 1, Remington on Bankruptcy, Section 14, Fourth Edition.

■ We conclude that Rose L. Mangus, as the joint tenant of Walter L. Mangus, is an indispensable party to the proceedings, because without her presence, or jurisdiction over the estate she forfeited, the court is powerless to administer the property and to render a final judgment between the parties as they are now cast, consistent with the fundamental principles of right and justice. It follows that neither Walter L. Mangus nor Rose L. Mangus acquired any remedial rights under subsections a–r of 75, 11 U.S.C.A. § 203, subs. a–r.

The case is reversed and remanded with instructions to strike the property from the schedule.