Spalding v. Allred et al.

---

C. W. SPALDING, Appellant, v. C. W. ALLRED et al., Respondents.

PLEADING—ANSWER—ACTION FOR CONVERSION—OFFICER—HOW FAR PROTECTED BY WRIT—INSTRUCTIONS—IN ACTION FOR CONVERSION—WHEN GENERAL EXCEPTIONS MAY BE TAKEN—CO-TENANTS—PROPERTY OF— WHEN MAY BE LEVIED UPON UNDER WRIT DIRECTED AGAINST ONE— TRESPASS BY OFFICER—UNDER A WRIT AGAINST ONE OF SEVERAL CO-TENANTS—RULE—UNDER SECS. 3236, 3258, 3260, AND 3498, R. S. 1898—EXECUTION SALE—CLAIM UNDER—WHEN NOT CONVERSION.

Spalding v. Allred et al.

1. PLEADING: ANSWER: ACTION FOR CONVERSION. In an action for conversion, an answer which refers to the "property mentioned and described in the second paragraph in plaintiff's second cause of action" is sufficiently definite and not demurrable for want of certainty.

2. OFFICER: HOW FAR PROTECTED BY WRIT. An officer is not protected by process where he goes beyond the commands thereof, and a sale by him of property not included in his writ gives the purchaser no right thereto, and an assertion of possession and ownership by such purchaser renders him liable in conversion to the lawful owner.

3. INSTRUCTIONS: IN ACTION FOR CONVERSION: WHEN GENERAL EXCEPTIONS MAY BE TAKEN. Where the ownership and possession of personal property are in issue, as in an action for conversion, by a sheriff acting under a writ not directed against the plaintiff, instructions that as a matter of law the writ justified the sheriff in taking and selling the property not claimed by the plaintiff as his individual property, and that the justification of the sheriff justified all those acting or claiming under him as to all property not proved, by a preponderance of the evidence, to be the individual property of plaintiff, are erroneous and may be taken advantage of by a general exception.

4. CO-TENANTS: PROPERTY OF: WHEN MAY BE LEVIED UPON UNDER WRIT DIRECTED AGAINST ONE. In the absence of a statute, an officer under a process against one of several co-tenants, may sieze and take into his exclusive possession, the common property, and a co-tenant, though a stranger to the writ, is without remedy for such invasion of his possession; and upon a sale of the interest of the joint owner who is a party to the action, the possession of the common property may be delivered to the purchaser, who becomes a tenant in common thereof; but if the officer assumes to levy on or sell the whole property, his act, as against the co-tenant not named in the writ, is wrongful, and he may be sued for trespass or conversion as the co-tenant may elect.

5. TRESPASS BY OFFICER: UNDER A WRIT AGAINST ONE OF SEVERAL CO-TENANTS: RULE: UNDER SECS. 3236, 3258, 3260, AND 3498, R. S. 1898. The reason of the rule that an officer who, under an execution against one of the co-owners of personal property, sells in severalty the common property, commits a trespass for which he is liable to the co-owner not a party to the action, does not exist under the provisions of sections 3236, 3258, 3260 and 3498, Revised Statutes 1898.

6. EXECUTION SALE: CLAIM UNDER: WHEN NOT CONVERSION. The possession and claim of ownership by a purchaser of common property at execution sale where the interest of the judgment debtor only was sold, is not a conversion of the property.

Decided April 16, 1901.

Appeal from the Seventh District Court, Carbon County.—
*Hon. Jacob Johnson,* Judge.

Action in conversion. From a judgment for defendants
plaintiff appealed.

REVERSED.

*M. P. Braffett, Esq.,* and Messrs. *Goodwin & Van Pelt*
for appellant.

Assignments fairly raise the question of whether it was
necessary for the defendant sheriff and the other defendants
acting under him to show a valid judgment upon which the
process issued, under which the sheriff claimed to justify.
There ought not to be any serious controversy over this propo-
sition of law. It is a universal rule in cases of this kind, and
is *stare decisis* in this State. Jones v. McQueen, 13 Utah
178; Bean v. Loftus, 48 Wis. 371; Kleber Void Judicial and
Execution Sales, secs. 152-194-262.

Section 2944, R. S. 1898, was not complied with in any
essential particular. The only indorsement on the summons
was the following: "Said copy having the date of service
marked thereon." It wholly fails to show that the "marking"
was done by the sheriff, or that he signed his name thereto, or
added his official title. The return states that it was served by
delivering "a copy thereof." If only one copy was served it
does not appear upon which defendant it was served. No ap-
pearance was made, but judgment was by default. That this
return was wholly insufficient to confer jurisdiction upon the
court, we refer to the following authorities: Murfree, Sher-
iffs, sec. 857; Kleber Void Judicial and Execution Sales, secs.

181, 430-431; Vanfleet on Collateral Attack, secs. 16, 480, 832; Godfrey v. Valentine, 40 N. W. Rep. 163 (39 Minn. 336); Michael v. Hick, 19 Kan. 578; Vaughn v. State, 29 Texas 273; Batsford v. Connor, 57 Ill. 78; Rutherford v. Davenport, 16 S. W., 110; Heywood v. Cullins, 60 Ill. 334; Hodges v. Hodges, 6 Iowa, 78; Rape v. Heaton, 9 Wis. 328.

A void judgment may be attacked whenever and wherever brought in question.   Black on Judgments, sec. 278; Kleber, supra, secs. 149-181-194; Am. & Eng. Enc. Law, 12-271-311, note 4.

A void judgment may be attacked even in collateral proceedings.   Am. & Eng. Ency. Pleading and Practice, 205 (note 1), 208-209-210; Reinhart v. Lugo (Cal.), 24 Pac. 1089; Laney v. Garbee (Mo.), 16 S. W. 831; Pollard v. Wagener, 13 Wis. 636.

The judgment was also void because the complaint failed to state a cause of action and judgment was by default.   The complaint failed to state that the alleged chattel mortgage contained any affidavit as required by law.   Under section 3187, Compiled Laws of 1898, the relief could not exceed the demand of the complaint.   And where no cause of action is stated, plaintiff could not be entitled to any relief.   Hartog v. Tibbits, 1 Utah 328; Harris v. Snow, 10 Wis. 467; Kleber, supra, secs. 146-194.

The presumption of jurisdiction attaching to courts of record, and even the recital of jurisdiction, is successfully rebutted when the manner of service appears in the record to be invalid.   Kleber, 67-181; Vanfleet (Collateral) Attack, 832.

As to the want of authority in G. T. Holladay to execute a mortgage if his wife owned the property we cite the following authorities:   Heath v. Paul (Wis.), 51 N. W. R. 876; Livesley v. Lasalette, 28 Wis. 38; Three Rivers National Bank v. Gilchrist (Mich.), 47 N. W. R. 104; Taylor v. Riley (Kan.),

Spalding v. Allred et al.

14 Pac. 475; Fougen v. Burgess, 71 Mo. 389; Pursley v. Morrison, 7 Ind. 356.

*Messrs. Rawlins, Thurman, Hurd & Wedgewood* for respondents.

The defendant sheriff had in his hands an order of sale, fair upon its face, from a court of competent jurisdiction. To this order was attached a decree of a court of competent jurisdiction, specifying the property to be sold. Under this order and decree the defendant sheriff seized and sold the property. The defendant Whitmore purchased the property at said sale. The defendant Ballinger assisted in taking things out of the hotel. At such sale the sheriff sold only the property described in the decree.

We cite the following authorities to support our contention that this writ was a complete protection to the defendants, and each of them. Revised Statutes Utah, sec. 593; Bishop on Non-Contract Law of Rights and Torts, sec. 792; 1 Freeman on Executions, sec. 101; Cooley on Torts, page 460; Buck v. Colbath, 3 Wall. 343; Erskine v. Hohnbach, 14 Wall. 616; Wallace v. Holly (Georgia), 58 Am. Dec. 518; Savacool v. Broughton, 21 Am., sec. 181, and note, particularly the case of Watson v. Watson, on page 203.

BASKIN, J.—It is alleged in the first count of the complaint that on the twenty-third day of February, 1899, plaintiff was the owner, in possession and entitled to the possession of certain personal property of the value of $40, and also of an undivided one-half of certain personal property of the value of $1,800, and that on said day the defendants wrongfully took and converted the same to their own use to the damage of the plaintiff in the sum of $940.

The second count of the complaint sets out the ownership, possession and right to the possession of said personal property and the wrongful taking and conversion of the same, as in the first count; that the plaintiff, at the time of such taking and conversion, was engaged in the business of keeping the Clark Hotel in the town of Price, Carbon county, Utah, and was using said personal property in carrying on said business, and that by reason of such wrongful taking and conversion, the plaintiff for a long time has been deprived of the use of said personal property, and his business of keeping said hotel broken up and destroyed, to his damage in the sum of $1,000, and he prays judgment for $1,940, and costs.

The answer denies each and every allegation of the complaint, and in justification alleges that one Robert McKune and G. T. Holladay, on the thirteenth day of June, 1899, were, and for a long time prior thereto had been partners engaged in running the said Clark Hotel, and were the owners and in actual possession of the personal property described in the second paragraph of the first count in plaintiff's complaint; that on the twelfth day of October, 1898, the said McKune and Holladay being indebted to the Price Trading Company, a corporation, in the sum of $412.52, to secure said indebtedness, with interest at the rate of one per centum per month from the twelfth day of October, 1898, mortgaged said personal property to said company; that on the said thirteenth day of January, 1899, the said McKune and Holladay, turned over to the agent of said company the actual possession of said personal property so mortgaged, and said company, by its said agent, up to and including the sixteenth day of February, 1899, remained in open and notorious possession thereof; that on said day the said defendant C. W. Allred, who was sheriff of said Carbon county, under and by virtue of a decree, duly made and entered on the fifteenth day of February, 1899, in the Seventh Judi-

cial District Court, in and for said county, in a cause therein pending, wherein the said Price Trading Company was plaintiff and the said McKune and Holladay were defendants, by which it was ordered and adjudged that said mortgaged personal property, or so much thereof as might be necessary to satisfy said mortgage, be sold by said sheriff, took possession of said personal property, and on the twenty-third day of February, 1899, after having given due notice of sale in obedience to said decree, sold said personal property in manner and form prescribed by law, to the defendant, J. M. Whitmore, and thereupon delivered the same to him, and that the foregoing acts alone constitute the actual grievances of which the plaintiff complains.

The case was tried before a jury, and a verdict was returned in favor of the defendant, and judgment was rendered against the plaintiff for costs.

Sixty-six exceptions were taken and assigned as error by plaintiff. Most of the exceptions taken are too general to be considered, and others are clearly without merit. The exceptions to the instructions given, as appears from the transcript and as interlined, in writing, in the printed abstract, are in this form, "the plaintiff excepts to instructions given by the court, Nos. 16, 17," and so on, up to and including No. 32. Many exceptions to the reception and admission of testimony are also general. The multiplication of such general exceptions has become quite prevalent, notwithstanding this court has so frequently disapproved the practice.

Among the errors assigned is the overruling of the demurrer to the answer, the ground of which is, that it does not fully appear and can not be ascertained from the answer what property was turned over and delivered by the said McKune and Holladay to the Price Trading Company, on the thirteenth day of January, 1899, or how far around or within what dis-

tance from the hotel the property so alleged to have been turned over and delivered was contained or embraced.

It was alleged in the answer that the said McKune and Holladay executed and delivered to the Price Trading Company, a mortgage of all the personal property described in the second paragraph of the plaintiff's first cause of action; that on said day the said Price Trading Company, by its agent, took actual possession of said property, the same being the property mentioned and described in the second paragraph in plaintiff's first cause of action herein, and up to and including the sixteenth day of February, 1899, remained in continuous and open possession thereof.

These allegations sufficiently advised the plaintiff what property was claimed to have been mortgaged, turned over and delivered to the Price Trading Company.

There was no error committed in overruling the demurrer. The alleged ownership, possession and right to the possession of the plaintiff to the personal property set out in the complaint is denied by the answer, but the alleged taking, sale and conversion is admitted by the alleged justification under the decree and order of sale set out in the answer.

Of the property claimed by plaintiff and set out in "Exhibit A" of the complaint, and made a part thereof, there was an annexed building, ten pigs, a hogpen and a lumber stable. Neither of these things was covered by the mortgage or embraced within the decree ordering the sale, or by the sheriff's writ. As to that property, the taking, sale and conversion was a trespass which was not justified by either the decree or the sheriff's writ, if the plaintiff was, as alleged, the owner of a one-half interest in the property, or in possession of the same. The plaintiff was not a party to the action in which the order of sale was made and was not named in the sheriff's writ. An officer is not protected by process where he goes beyond the

commands thereof.    Addison's Judicial Writs and Process, sec. 171.

At the sale, the plaintiff stated to those present that he owned a half interest in the property, and that any one buying the property would do so at their own risk.

As to the property not included in the order of sale, the purchaser did not acquire any rights under the sale, and his possession and claim of ownership of the whole of said property by virtue of the sale, is a wrongful conversion of the same for which he is liable to the plaintiff, if, as alleged, the plaintiff so owned and possessed said property.    Whether such was the case was in issue, and therefore no part of the sixteenth or seventeenth instruction given by the court was correct, and notwithstanding the exceptions to said instructions were general, they should have been sustained.    Said instructions are as follows:

"You are instructed as a matter of law that the order of sale issued from this court to the sheriff, and the judgment on which it was founded, justified him in taking possession of the property not claimed by the plaintiff as his individual property, and in selling the interests of the mortgagors to the same and in delivering it to the purchaser, for it is not claimed that the sheriff abused his process.    You are further instructed that if you find that the sheriff was justified by his process in selling the property to the purchaser, it follows that all persons who assisted the sheriff were justified, and that the purchaser was justified in taking possession of the property purchased, not properly claimed or demanded by the plaintiff as his individual property, and proved by a preponderance of the evidence to be his individual property."

The plaintiff only claims to be the owner of a one-half interest in the personal property described in the second clause of the first count of the complaint.

In the absence of a statute upon the subject, it is well settled that where personal property is owned by co-tenants, the officer, under process against one of the co-tenants, may seize and take into his exclusive possession the common property, and the co-tenant, though a stranger to the writ or order, is without remedy for such an invasion of his possession. Freeman on Executions, secs. 125, 254. And upon a sale of the interest of the joint owner who is a party to the action, the possession of the common property may be delivered to the purchaser, who becomes a tenant in common thereof. Wright v. Ward, 65 Cal. 525; Freeman on Executions, secs. 125, 254, p. 809, and cases cited in n. 1.

But if the officer assumes to levy on or sell the whole property, his act, as against the co-tenant not named in the writ, is wrongful, and he may be sued for trespass or conversion as the co-tenant may elect. Freeman on Executions, secs. 125, 254, p. 809, and numerous cases cited in n. 2.

In Snell v. Growe, 3 Utah, 26, the court held, that "the interest of one partner in partnership property may be levied upon and sold to satisfy the individual debt of such partner, to effect which the whole of the partnership property may be taken in possession of by such officer making the levy; but the levy and sale thereunder must be in recognition of, and as far as possible in harmony with, the rights of the other partners, and not in hostility thereto; otherwise the officer becomes a trespasser *ab initio*."

In Murfree on Sheriffs, sec. 933, the rule is stated, thus: "A sale made by a sheriff of the entire property in a chattel owned by two tenants in common under an execution against one of them, is an abuse of his legal authority which renders him a trespasser *ab initio*. The suit, however, in such case must be brought by the owner who was not defendant in the execution, and not by both of the joint owners." Smith v.

Tankersley, 20 Ala. ·212; Melvill v. Henry, 15 Mass. 82; Smith's Personal Property, 36.        There are numerous cases to the same effect.

Section 3236, Revised Statutes, provides that, "When the judgment is for money or the possession of real or personal property, the same may be enforced by a writ of execution; * * *. When the judgment requires the sale of property, the same may be enforced by a writ reciting such judgment, or the material parts thereof, and directing the proper officer to execute the judgment by making the sale and applying the proceeds in conformity therewith.

Section 3498, which relates to the foreclosure of mortgages of real and personal property, requires that judgments shall be given adjudging the amount due, etc., the sale of the mortgaged property, and directing the sheriff to proceed and sell the same according to the provisions of law relating to sales on executions.

Section 3258 requires the sheriff to deliver to the purchaser, upon payment of the purchase money, any personal property sold on execution which is capable of manual delivery, and provides that a certificate of sale issued to the purchaser conveys all the right, title, and interest the debtor had in and to such property on the day the execution was levied.

Under section 3260 the purchaser of real estate likewise only acquires the right, title and claim of the judgment debtor in and to the property sold, at a judicial sale by the sheriff.

· Under the provisions of the foregoing sections of the Revised Statutes, and the general rule on the subject, in the absence of statutory provisions limiting the rule, as the plaintiff only claims as joint owner of the property mentioned in said second clause of the first count of his complaint, the sheriff, by virtue of the writ of execution, adduced as evidence

by the defendants, was certainly justified in levying upon, selling and delivering to the purchaser said property; and inasmuch as the purchaser, under the provisions of section 3258, Revised Statutes, could not, and did not, by the sale, acquire any interest, except such as the mortgagors of said property had, the sheriff was not guilty of a trespass in offering for sale and selling said property without regard to the claim of the plaintiff, as no other persons, except the mortgagors made any claim to the property.

The reason of the rule, before adverted to, that an officer who, under an execution against one of the co-owners, of personal property, sells in severalty the common property commits a trespass for which he is liable to the co-owner, not a party to the action, under the provisions of the Revised Statutes, does not exist, because such a sale in severalty by an officer in this State only passes the interest of the judgment debtor, and that interest the officer is authorized to and can only sell; therefore, the rule itself has no application here.

The possession and claim of ownership by the purchaser of said property, under the sale, is not a conversion of the same, even if the joint ownership of the plaintiff were conceded.   Cooley on Torts, p. 533, et seq.; 2 Hilliard's Law of Torts, p. 278, 279 and 280.   But his possession and claim of ownership of the property sold, which was not embraced in the decree and writ, is a conversion for which the defendants' are liable for the damages sustained thereby by the plaintiff, if on a new trial the jury should sustain his claim of possession or ownership in the same, for as to that property in that event nothing passed by the sale, and the seizure and sale thereof was a trespass.   Of course, if the plaintiff, as alleged in the answer, neither possessed nor owned the property levied upon and sold, then he has no cause to complain; that, however, is a

question, under the issues joined, for the jury to determine under proper instructions by the court.

It is ordered that the judgment of the court below be reversed, and the case remanded for a new trial, and that the respondents' pay the costs. *Miner, C. J.,* and *Bartch, J.,* concur.