MANGUS ET AL. *v.* MILLER.

No. 74. Argued November 17, 1942.—Decided December 7, 1942.

*Mr. Edwin J. Skeen,* with whom *Mr. J. D. Skeen* was on the brief, for petitioners.

*Mr. Hadlond P. Thomas* for respondent.

Mr. Chief Justice Stone delivered the opinion of the Court.

The question is whether the interest of one of two joint tenants of a land purchase contract can be administered in farmer-debtor proceedings under § 75 of the Bankruptcy Act as amended, 11 U. S. C. § 203, although subsequent to the filing of his petition the interest of his co-tenant had been forfeited by default in payment of installments of the purchase price.

Petitioners, husband and wife, as "joint tenants with full right of survivorship and not as tenants in common," entered into a contract with respondent's assignor for the purchase of a plot of land. They apparently entered into possession under the contract, although the fact does not explicitly appear in the record. The contract stipulated for a down payment of $500 of the purchase price and for payment of the balance in equal monthly installments extending over a period of more than seven years. Nearly two years later, the buyers being in default in payment of installments, respondent gave appropriate notice, in conformity to state law, that the contract would be forfeited unless all payments due were made. Five days before the date on which the forfeiture was to become effective, the husband alone, without reference to his co-tenant, filed his petition as a farmer-debtor under § 75. After the date of forfeiture, respondent moved, on a showing of the facts as stated, to strike the land in question from the schedules of the debtor's property, challenging the jurisdiction of the court to administer it. The wife thereupon filed in the bankruptcy proceeding a "joinder of Rose L. Mangus" in which she asked to be permitted to adopt the petition of her husband for relief under § 75 and his schedules of property, referring to the land in question. It does not appear whether she was an insolvent farmer-debtor within the meaning of § 75 (r), and so entitled to the benefits of

the Act. Upon respondent's filing of a supplemental motion to strike the land from the schedules of the debtor's property, with a showing that at the time of the wife's attempted joinder she had forfeited her interest in the property, the court denied both of respondent's motions.

The Court of Appeals for the Tenth Circuit reversed, 125 F. 2d 507, holding that the right or interest which the wife had acquired in the land by the contract of purchase had been forfeited before her attempted joinder in the bankruptcy proceedings, see *Federal Land Bank* v. *Sorenson*, 121 P. 2d 398; *Leone* v. *Zuniga*, 84 Utah 417, 34 P. 2d 699, and that in consequence she had no remaining interest in the land which she could ask the bankruptcy court to administer. It thought that by the forfeiture respondent became vested as her successor with the interest which she had acquired in the land by virtue of the contract. But it was also of opinion that notwithstanding the forfeiture she remained a joint tenant of the contract with her husband and so was an indispensable party to any judgment or order of the bankruptcy court making disposition of the debtor's interest in the contract and the property. It also pointed out that although the interest of a bankrupt joint tenant may be sold in a regular bankruptcy proceeding, the proceedings under § 75 (a)–(r) do not look in the first instance to a sale of the debtor's property or operate to pass title to a trustee or the court, but contemplate maintenance of the *status quo* by a moratorium pending an adjustment or composition of his debts, and his ultimate emergence from bankruptcy with all his property. See *John Hancock Ins. Co.* v. *Bartels,* 308 U. S. 180, 184; *Wright* v. *Union Central Life Ins. Co.,* 311 U. S. 273.

From all this the court concluded that the difficulties of administration of the bankrupt's interest in § 75 proceedings are so insurmountable as to require dismissal of the

proceeding.[1] In the circumstances of this case, it attributed these difficulties to the uncertainty as to the rights of the husband as joint tenant of the contract with his wife and as tenant in common with respondent of the land. The uncertainty arose, it was suggested, from the doubt whether the husband, upon effecting an adjustment and compromise with creditors, would be entitled to acquire all the land upon payment of the balance of the purchase price, or only to demand half of it on payment of one-half of the purchase money due. We granted certiorari, 316 U. S. 657, on a petition which challenged the rulings of the Circuit Court of Appeals that the wife was an indispensable party to the farmer-debtor proceeding, and that the interest of the husband alone was not susceptible of administration in that proceeding.

Section 75 (n) directs that the filing of the farmer-debtor's petition "shall immediately subject the farmer and all his property . . . for all the purposes of this section, to the exclusive jurisdiction of the court . . . including . . . any equity or right in any such property, including, among others, contracts for purchase, contracts for deed, or conditional sales contracts." Section 75 (o) provides an effective moratorium, pending further proceedings, against the forfeiture of the debtor's interest in the property over which the court has jurisdiction. This it accomplishes by staying, unless otherwise permitted by the court, proceedings for foreclosure of a mortgage, or for cancellation or rescission of an agreement for the sale of land, or for the recovery of possession of land, or for the seizure or sale of the debtor's property under conditional sales agreement. *Kalb* v. *Feuerstein,* 308 U. S. 433; *John Hancock Ins. Co.* v. *Bartels,* 308 U. S. 180.

---

[1] Compare *Buss* v. *Prudential Ins. Co.,* 126 F. 2d 960; *In re Harris,* 15 F. Supp. 304.

We see no reason to doubt that, under these provisions and others presently to be noted, the bankruptcy court had jurisdiction in a § 75 proceeding over the husband's interest as joint tenant in the contract for the purchase of the land. Section 75 (n) expressly subjects to the jurisdiction of the bankruptcy court the vendee's interest in such a contract. And, so far as we are advised, Utah accepts the general common law rules relating to joint tenancies, including the rules permitting alienation of the interest of a joint tenant, and making it property subject to execution and separate sale. Cf. *Spalding* v. *Allred,* 23 Utah 354, 64 P. 1100; *Neill* v. *Royce,* 120 P. 2d 327; § 104–37–9 Revised Statutes of Utah, 1933; and see 3 Tiffany, Real Property (3rd ed.) § 425; 2 Thompson, Real Property, §§ 1714–17. When so locally recognized, the interest of a joint tenant is a property interest subject to the jurisdiction of the bankruptcy court under § 70 of the general Bankruptcy Act, 11 U. S. C. § 110. *Matter of DePree,* 30 A. B. R. (N. S.) 629; *Matter of Williams,* 16 A. B. R. (N. S.) 218; cf. *In re Brown,* 60 F. 2d 269; *In re Williams' Estate,* 16 F. Supp. 909.

Section 75 (n) of the Farm Bankruptcy Act, 11 U. S. C. § 203 (n), which provides that the filing of a petition shall subject "the farmer and all his property" to the jurisdiction of the Court, further directs that, "In proceedings under this section, except as otherwise provided herein, the jurisdiction and powers of the courts, the title, powers, and duties of its officers, the duties of the farmer, and the rights and liabilities of creditors, and of all persons with respect to the property of the farmer . . . shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered. . . ." And sub-section (s) (4) of § 75 commands that ". . . the provisions of this title shall be held to apply also to part-

nerships, common, entirety, joint, community ownership . . . and any such parties may join in one petition."

The final clause of this provision, permitting both joint tenants to join in the petition, suggests that either, if entitled to the benefits of the Act, may file a petition without the other. Such was declared to be its purpose by the House Judiciary Committee which recommended its addition by way of amendment to § 75 (s) as originally enacted. In reporting this amendment the Committee pointed out the diversity of rulings of the courts under § 75, saying, "Some have held that if a husband and wife were jointly interested, or had interests in common, or were partners in the farming operations, that then neither of them could take advantage of the Act, nor could they join. Obviously such was not the intention of Congress." H. R. Rep. No. 570, 74th Cong., 1st Sess., p. 4. We need not now determine whether the wife, who does not appear to be a farmer-debtor, could before the forfeiture have joined in the petition. It is enough that one joint tenant is authorized to file his petition under § 75 and subject his interest to the jurisdiction of the bankruptcy court just as he may under § 70 of the general Bankruptcy Act.

Accordingly we conclude that the husband's interest in the property held by him as joint tenant with his wife is property within the meaning of § 75 (n), and that the court acquired jurisdiction over that interest upon the filing of his petition. The husband's interest as joint tenant being subject to the jurisdiction of the bankruptcy court, he was entitled to the benefit of the moratorium afforded by § 75 (o) for the purpose of enabling him to effect a composition with his creditors, failing which he was entitled to proceed under § 75 (s). *John Hancock Ins. Co.* v. *Bartels, supra.*

The Court of Appeals cited no decision of the Utah courts, and we are referred to none, which supports its

conclusion that respondent, as the result of the forfeiture of the wife's interest in the land, succeeded to that interest and became a co-tenant with the husband. So far as the law of that state is concerned, it would seem to be an equally tenable position that the forfeiture freed respondent's title of any equitable interest of the wife and left it subject only to such demands as the husband might assert by virtue of his interest. In advance of an authoritative determination by the state courts of the rights of the parties to the contract after the forfeiture of the wife's interest, we cannot say that the difficulties of administering the husband's interest under § 75 (s) are insurmountable. Indeed, before dismissing the proceedings because of difficulties in ascertaining the rights of the debtor under state law and in administering them in bankruptcy, it would be an appropriate exercise of the court's jurisdiction to take suitable measures to remove those difficulties by affording the interested parties opportunity to assert their rights in the state courts and, when they are ascertained and defined, by administering the debtor's interest as the Act provides, so far as may be found to be practicable.

Section 75 (e) provides that, "after the filing of the petition and prior to the confirmation or other disposition of the composition or extension proposal by the court, the court shall exercise such control over the property of the farmer as the court deems in the best interests of the farmer and his creditors." During such control the court is free to permit and to facilitate proceedings in the state courts which would adjudicate the interests of the parties in the contract, subject to the stay directed by § 75 (o) of any cancellation of the contract or foreclosure of petitioner's interest in it. Utah, by § 104–3–18 of its Revised Statutes, has provided that "all persons holding as tenants in common or as joint tenants, or any number

less than all, may jointly or severally commence or defend any civil action or proceeding for the enforcement or protection of the rights involved. In all cases one tenant in common or joint tenant can sue his co-tenant." And it has adopted the Uniform Declaratory Judgments Act, under which respondent or petitioners, or either of them, are free to proceed to an adjudication of their rights. §§ 104–64–1 *et seq.*, Revised Statutes of Utah, 1933. We perceive no insurmountable obstacle, if the bankruptcy court is so advised, to the exercise of its jurisdiction so as to permit the parties to ascertain their respective rights by an appropriate proceeding in the state courts. See *Thompson* v. *Magnolia Petroleum Co.,* 309 U. S. 478, 483. While such practice is to be regarded as exceptional, the circumstances which here suggest it appear to be exceptional. It may be suggested too that if, pending the proceedings for adjustment or composition with creditors, the wife were to release or assign to her co-tenant her interest in the contract, all beneficial interest under which she has forfeited, the technical difficulties thought to exist by reason of her absence as a party from the bankruptcy proceedings might be removed.

With the court's jurisdiction over the debtor's interest in the land and the duty to administer it established, we cannot say that the accommodation with respondent and other creditors which the statute contemplates could not be arrived at. But, in the event that no composition is effected, the debtor may ask to be adjudicated a bankrupt, aid as such to be placed in possession of the property under the provisions of § 75 (s) upon terms which will enable him, by paying a suitable rental, to redeem the property unless he is sooner able to finance himself. See *John Hancock Ins. Co.* v. *Bartels, supra.* If his interest is found to be such that it is impracticable to place him in possession or otherwise to admiiister the property as

provided by § 75 (s), he is entitled to petition the court for leave to redeem the property; and, if he is unable to redeem it, a sale of his interest may be ordered as directed by § 75 (s) (3). *Wright* v. *Union Central Ins. Co., supra.* The sale of the interest of a co-tenant may be separately effected in a bankruptcy proceeding. *In re Toms,* 101 F. 2d 617; *In re Brown, supra,* 273. And we cannot say that a court possessing the powers of a court of equity could not in this case direct a sale on conditions which would protect the rights of the debtor, respondent, and the purchaser.

Respondent moves to dismiss the writ of certiorari because, after the judgment below denying the district court's jurisdiction, petitioners procured a return of rental deposited by them in the bankruptcy court as an incident to proceedings under § 75 (s) (2). It is argued that this action is so inconsistent with petitioners' appeal as to estop them from further prosecution of it. The order, if any, directing the deposit, and the attendant proceedings do not appear in the record. Whether the withdrawal of the amount deposited is so inconsistent with further proceedings for the three-year stay authorized by § 75 (s) upon payment of a prescribed rental, obviously cannot be determined on this record, and should, in any case, be determined in the first instance by the bankruptcy court having jurisdiction of the cause. But it plainly is not inconsistent with other remedies which the court has jurisdiction to give under § 75, or with recourse to measures which the court may take to permit an adjudication of the rights of the parties, on the basis of which a composition may be effected. In any case, since deposit of rental is not prerequisite to jurisdiction, petitioners' recall and receipt of money, whatever effect it may have had on their right to the three-year stay authorized by § 75 (s), involved no inconsistency with the assertion on this appeal of the court's jurisdiction to resolve that question and to take

other appropriate action. The court's authority to give relief upon compliance with such terms as it may properly impose, including the payment of rental, either by moratorium pending a composition with creditors or by sale as the statute provides, remains unaffected. At least it has authority under § 75 (s) and is required to permit redemption of the property by the debtor before ordering a sale. *Wright* v. *Union Central Ins. Co., supra.*

We are of opinion that the bankruptcy court has jurisdiction over the debtor's interest in the property in question, and that in its sound discretion it should, in every practicable way, exercise that jurisdiction for the protection of the interest of the debtor as the statute directs.

The judgment below should be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*