**EPP v. BICKNELL.**

No. 12588.

Circuit Court of Appeals, Eighth Circuit.

Nov. 12, 1943.

Writ of Certiorari Denied Jan. 31, 1944.

See 64 S.Ct. 522.

See, also, 47 F.Supp. 215.

C. A. Sorensen, of Lincoln, Neb. (C.C. Cartney, of Lincoln, Neb., on the brief), for appellant.

Herman Ginsburg, of Lincoln, Neb., for appellee.

Before SANBORN and RIDDICK, Circuit Judges, and LEMLEY, District Judge.

LEMLEY, District Judge.

This is an appeal from an order of the District Court, made in a proceeding under Section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, overruling a motion of a secured creditor to strike certain lands from the debtor's schedules, or in the alternative to require that the schedules be amended to show that the debtor is the owner of an undivided one-half interest only in said lands. The facts are undisputed and are substantially as follows:

On July 12, 1937, the debtor, Robert F. Bicknell, and one Charles W. Peek, his brother-in-law, being indebted to one Annie Bell in the sum of $9,000 for the purchase price of said lands, made and delivered to her their certain promissory note in that amount, and, in order to secure the payment of said indebtedness, executed and delivered to her their certain mortgage deed wherein they conveyed to her the property in question, namely,

736

160 acres of Nebraska farm lands, which lands were owned and held by them as tenants-in-common, each having an undivided one-half interest therein.

The debtor, Bicknell, was at the time and is now a farmer in actual occupancy, farming the entire tract. His co-tenant Peek, was at the time and is now a merchant and not a farmer.

In due course, said note and mortgage were assigned to the appellant herein, Mrs. Edith Harrison Epp. Thereafter, the indebtedness being in default, Mrs. Epp filed suit in the state court to foreclose her mortgage. On June 24, 1940, a decree of foreclosure was entered, the court finding that there was due Mrs. Epp the sum of $10,008.29, with interest at 8 per cent. from said date. On the same day Peek and Bicknell obtained a nine months' stay of execution. On May 5, 1941, the lands were sold at sheriff's sale to Mrs. Epp for $9,600. On May 21, 1941, and prior to but upon the eve of confirmation of the sale, Peek, the merchant, for the consideration of one dollar, which was actually paid, conveyed to Bicknell, the farmer, his undivided one-half interest in the premises. The evidence reflects that Peek did not believe that there was any equity in the property, and did not desire to attempt to redeem the same, whereas Bicknell did, and that the transfer of Peek's interest to Bicknell was made in the office of Bicknell's attorney and upon the latter's advice and in contemplation of Bicknell's filing a petition in bankruptcy. The petition was filed two days later, asking for relief under subsections a to r, inclusive, of Section 75 of the Bankruptcy Act. On November 10, 1941, Bicknell amended his petition, asking for relief under subsection s. The lands involved here were listed in the schedules attached to said petitions as property of the debtor. The appellant's motion under consideration is directed to these lands.

The ground for appellant's motion is that Peek, not being a farmer, could not maintain a farmer-debtor bankruptcy proceeding, and that his conveyance to his brother-in-law, Bicknell, for a nominal consideration, was made for the purpose of putting the whole title in Bicknell so that he might hinder, delay, and defraud his creditors by the institution of this proceeding.

In the argument before this court, the appellant in effect conceded that the District Court was correct in refusing to strike the entire one hundred and sixty acres from the appellee's schedules, but insisted that it had erred in refusing to grant the alternative prayer of the motion, namely, to require that the schedules be amended to show that the debtor is the owner of an undivided one-half interest only in the lands.

Appellant contends that the conveyance from Peek to Bicknell is void under Section 36-101, Comp.St.Neb.1929, providing in part as follows: "Every conveyance of, or charge upon, any estate or interest in lands, or the rents and profits thereof, made or created with intent to defraud prior or subsequent purchasers for a valuable consideration, shall, as against such purchasers, be void"; and, Section 36-401 of said Statutes, which is, in part, as follows: "Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands * * * made with the intent to hinder, delay or defraud creditors or persons, of their lawful rights, damages, forfeitures, debts or demands * * * shall be void"; and in this connection calls particular attention to certain Nebraska decisions, not necessary to cite here, holding that a conveyance between relatives which has the effect of hindering or delaying a creditor in the collection of his debt is presumptively fraudulent as to an existing creditor, and that a brother-in-law comes within the well-settled meaning of the word "relatives"; she also cites and principally relies upon In re Collins, 8 Cir., 75 F.2d 62.

■ We cannot agree with appellant's contention. Here, Bicknell prior to the execution and delivery to him of Peek's deed was a tenant-in-common with Peek, having an undivided one-half interest in the lands. Under Nebraska law, which governs, the lands involved being situated in Nebraska (Buss v. Prudential Ins. Co. of America, 8 Cir., 126 F.2d 960; McLean v. Federal Land Bank of Omaha, 8 Cir., 130 F.2d 123), he had an equity of redemption in the property, the sheriff's sale not having been confirmed. United States Nat. Bank of Omaha, Neb., et al., v. Pamp, 8 Cir., 83 F.2d 493, and Nebraska statutes and decisions therein cited. He was liable for the full amount of the mortgage note. In order to redeem, he was required to pay into court the amount of the foreclosure decree, "together with all interests and costs." Section 20-1530, Comp.

St.Neb.1929. He could not compel the lien-holder to accept a part of the debt and relieve his interest in the property of its burden. Dougherty et al. v. Kubat et al., 67 Neb. 269, 93 N.W. 317. See, also, Note 7 to the opinion in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 579, 580, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106. Upon his redemption from the lien he would, for the purpose of securing contribution from his co-tenant, have been subrogated to the rights of the lien creditor whose debt had been paid. Oliver v. Lansing et al., 57 Neb. 352, 77 N.W. 802.

Being obligated for the entire debt and required to satisfy the creditor's decree in full in order to relieve himself of the judgment and to redeem his interest in the land, Bicknell, prior to the execution of Peek's deed, had a right to redeem the entire tract from the mortgage indebtedness. 62 C.J. 466, Sec. 94. This right of redemption was subject to administration by the bankruptcy court. 11 U.S.C.A. § 203, sub. n; Buss v. Prudential Ins. Co. of America, supra; McLean v. Federal Land Bank of Omaha, supra; Wright et al. v. Logan et al., 315 U.S. 139, 62 S.Ct. 508, 86 L.Ed. 745; Mangus et al. v. Miller, 317 U.S. 178, 63 S.Ct. 182, 87 L.Ed. ——. Having the right to redeem the entire tract, the acquisition by Bicknell of Peek's title was not fraudulent.

The appellant, however, insists that since the rule, that a holder of an equity of redemption can redeem from a mortgage only upon paying the entire mortgage debt, is for the protection of the mortgagee and can be waived by him, that no right to redeem the entire tract existed in Bicknell prior to the delivery of th Peek deed, and refers in this connection to certain language in Dougherty v. Kubat, supra [67 Neb. 269, 93 N.W. 319], where the court in discussing questions that it was thought might arise on a retrial, said: "We think, therefore, that if the mortgagee or his successors choose to accept a portion of the debt, and allow redemption of a partial interest, and such course is equitable under the circumstances, the holder of such interest cannot insist upon redeeming the whole." The court in the Kubat case had before it an entirely different factual situation than that in the case at bar. There one John Dougherty mortgaged certain land, and later conveyed it to his brother, Eugene. Thereafter both John and Eugene died intestate and without issue, leaving many collateral heirs, some of whom were widely scattered. Suit was brought to foreclose the mortgage, but inadvertently certain of the heirs were not properly made parties. At the foreclosure sale the land was bought by a purchaser who in turn sold it to others. At some later time the children of two of the heirs who had not been served, and certain other heirs, brought suit to redeem. And it was to this situation that the words of the court, above quoted, were directed—a case where the parties seeking to redeem the entire tract were in no way obligated on the mortgage indebtedness and were attempting to acquire through redemption an interest in the property which they did not inherit, and under circumstances which, due to the intervening rights of others, could not be considered equitable. There is no evidence in the instant case of the appellant's ever having suggested to Bicknell that he might redeem his one-half interest in the property and relieve himself of the judgment standing against him, by paying one-half of the mortgage debt, or of any other circumstances existing at the time that Bicknell acquired Peek's title which might make the quoted language from the Kubat decision applicable here.

Nor do we think that the decision of this court in Re Collins, supra, cited by appellant, is controlling. In that case it was held that a conveyance by a corporation of real estate, a deed of trust upon which was in default, to its sole stockholder without consideration and for the purpose of enabling the latter to file Frazier-Lemke bankruptcy proceedings and thereby prevent a pending sale under the deed of trust, was a legal fraud, and the trustee's sale would not be enjoined. The basis for that decision was that the bankruptcy statute expressly denies debtor petitions, for compositions and extensions, to corporations, and ordinarily a corporation will be regarded as a separate legal entity, even though it has but one stockholder.

The facts in the case at bar more nearly resemble those in McLean v. Federal Land Bank of Omaha, supra. In that case, McLean and a brother, while the owners of an Iowa farm, executed two successive mortgages thereon, the first to the appellee bank, and the second to one McGriffin, a brother-in-law of McLean. McGiffin foreclosed his second mortgage, bought in the property, received a deed, and took possession; subsequently he died.

738

Thereafter the bank brought suit to foreclose its mortgage and became the purchaser of the lands at the sheriff's sale for a sum which left a deficiency against McLean of $2,000. A short while before expiration of the one year allowed for redemption under Iowa law, McLean obtained quit-claim deeds from the widow and heirs of McGiffin for nominal considerations, and shortly thereafter filed a petition under the Frazier-Lemke Act, 11 U.S.C.A. § 203. The bank moved to dismiss his petition, alleging that it was not filed in good faith but for the sole and only purpose of delaying and defrauding it, and that the petitioner was not a farmer. The court denied the motion and held that, under the facts in the case, McLean was a farmer within the meaning of the act, and that he was not an outsider seeking to gain the benefits of the act as a stranger-volunteer, since at the time he acquired his deeds from the widow and heirs of McGiffin, he had an equitable interest, arising from his liability for the deficiency judgment of $2,000, which interest, although not a "right of redemption," nor equivalent thereto, served to connect him with the farm to such an extent that his acquisition of title through the quit-claim deeds was not sufficient to prevent him from obtaining the benefits of the act governing agricultural compositions and extensions.

A somewhat different attack is made upon the conveyance in the instant case than that in the McLean case, but it is noted that Bicknell's relationship to the lands involved, prior to the acquisition of Peek's title, was by far stronger than that of McLean prior to his acquisition of the McGiffin equity of redemption. In the Collins case the grantee in the corporation's deed was in no way connected with the farm other than through his ownership of the stock in the corporation.

Pertinent to the instant case, also, is the recent expression of the Supreme Court in Mangus v. Miller, supra [317 U.S. 178, 63 S.Ct. 186, 87 L.Ed. ——], wherein Mr. Chief Justice Stone suggested, in connection with a discussion of the difficulties attending the administration under Section 75 of the Bankruptcy Act of the interest of a farmer-debtor as joint tenant with his wife, who was not a party to the proceeding, that "if pending the proceedings for adjustment or composition with creditors the wife were to release or assign to her co-tenant her interest in the contract, all beneficial

interest under which she has forfeited, the technical difficulties thought to exist by reason of her absence as a party from the bankruptcy proceedings might be removed."

The judgment of the district court is affirmed.